IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SNACKS R PLENTY, LLC                                           PLAINTIFF

v.                                            CAUSE NO. 1:12CV236 LG-JMR

TRAVELBEE SNACKS LLC;
JOHN ABRAHAM TRAVELBEE;
RICHARD GRABERT;
S-L DISTRIBUTION CO., INC.;
and S-L ROUTES, LLC                                           DEFENDANTS

## ORDER GRANTING MOTION TO RECONSIDER AND TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEFORE THE COURT is the Defendants' Motion [36] for Reconsideration.

S-L Distribution Company, Inc. and S-L Routes, LLC (the "S-L defendants") ask

that the Court reconsider its ruling that venue is proper in this district despite a

forum-selection clause in the parties' contract specifying a federal court in

Pennsylvania as the proper forum for Snacks R Plenty to bring this action. (Mem.

Op. & Order, Jan. 28, 2013, ECF No. 34). The S-L defendants assert that the Court

improperly placed the burden of proof on them to show that transfer was warranted

under 28 U.S.C. § 1404(a). As noted by the S-L defendants, the Court relied on the

Fifth Circuit's decision in *In re Atlantic Marine Construction Company*, 701 F.3d

736 (5th Cir. 2012), in deciding the venue issue. In that case, the Fifth Circuit

determined that "a forum-selection clause is properly enforced via § 1404(a) as long

as venue is statutorily proper in the district where suit was originally filed and as

long as the forum-selection clause elects an alternative federal forum." *Id.* at 741.

Because both conditions applied in this case, the Court conducted an analysis pursuant to §1404(a) and found that the convenience factors weighed in favor of retaining the case in this district.

Meanwhile, Atlantic Marine Construction Company obtained review of the Fifth Circuit's decision by the U.S. Supreme Court.  This Court took the S-L defendants' Motion for Reconsideration under advisement, awaiting the Supreme Court's decision.  The decision reversing the Fifth Circuit's opinion was issued December 3, 2013.  *See Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013).  Subsequently, this Court granted the parties an opportunity to submit supplemental briefs regarding the Motion for Reconsideration.  The issues have now been fully briefed.  The Court concludes that the intervening change in the applicable law justifies reconsideration of its Order denying transfer.  The forum selection clause must be enforced and this case transferred to the alternative federal forum specified - the United States District Court for the Middle District of Pennsylvania.

BACKGROUND

A full accounting of the facts underlying Snacks R Plenty's claims can be found in the Court's Order Denying Remand (ECF No. 24), and the Order Regarding Motion to Dismiss or Transfer (ECF No. 34).  At issue here is the forum selection clause in the Distributorship Agreement between Snacks R Plenty and the S-L defendants.  The Court initially found that the private and public interests were in favor of retaining the case in this district, despite the forum selection clause

specifying exclusive jurisdiction in York County, Pennsylvania courts.

The S-L defendants argue that after the U.S. Supreme Court's *Atlantic Marine* decision, it is apparent that the Court erred by considering the parties' private interests, and by failing to give the forum selection clause controlling weight.  Specifically, the Supreme Court determined that 28 U.S.C. § 1404(a) was the appropriate mechanism for the transfer analysis when there is a valid forum selection clause at issue.  However, courts should not: 1) give the plaintiff's choice of forum any weight; 2) consider arguments about the parties' private interests, as only public interest factors are relevant; or 3) apply the original venue's choice of law rules.  *Atl. Marine*, 134 S. Ct. at 581-82.  The party acting in violation of the forum-selection clause bears the burden of showing that public-interest factors "overwhelmingly disfavor a transfer."  *Id*. at 583.  The S-L Defendants argue that applying these rules in this case should lead the Court to enforce the forum selection clause and transfer this case to federal district court in Pennsylvania.

Snacks R Plenty argues that the forum selection clause is the product of fraud and overreaching, and therefore is not valid.  Even if the forum selection clause is valid, Snacks R Plenty argues that it is permissive, not mandatory, and therefore should not be enforced.  With regard to the substance of the grounds for reconsideration, Snacks R Plenty urges the Court to deny reconsideration in the interests of justice, because the terms of the Distributor Agreement are one-sided in favor of the S-L defendants.

DISCUSSION

**1. The Validity of the Forum Selection Clause**

The enforceability of a forum selection clause is governed by federal law. *Haynsworth v. The Corp.*, 121 F.3d 961-62 (5th Cir. 1997). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972). Enforcement of a forum-selection clause may be unreasonable where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of a forum selection clause would contravene strong public policy of the forum state.

*Haynsworth,* 121 F.3d at 963 (quoting *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595 (1991)). The party arguing against enforcement of the forum-selection clause bears a "heavy burden" to prove that its enforcement is unreasonable. *Bremen,* 407 U.S. at 10. The presumption of enforceability applies to forum selection clauses in form contracts such as the one at issue here. *Kevlin Serv., Inc. v. Lexington St. Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

Snacks R Plenty argues that the forum selection clause is the product of fraud and overreaching because the clause was not reasonably communicated to its signatory, Mr. Lucente - it was a single line in a thirty-five page pre-printed

contract - and the language was confusing to him.  Snacks R Plenty argues that S-L induced it to accept the forum selection clause "at a time when Snacks R Plenty could not have known its true meaning and purpose."  (Pl. Supp. Resp. at 2, ECF No. 52).  Snacks R Plenty argues that it was fraudulently induced to enter into the Agreement, and the forum provision was "a part of S-L's overall scheme to fraudulently induce Snacks R Plenty to enter into the Distributor agreement and to then dissuade Snacks R Plenty from resisting the fraud by forcing Snacks R Plenty to file suit in a foreign, inconvenient venue of S-L's choosing."  (*Id*. at 1, 2).

Snacks R Plenty has formed its argument to refer in part to the inclusion of the forum selection clause in the Distributorship Agreement, but the argument is really no different from its objections to the Agreement in general.  Snacks R Plenty alleges Lucente, an unsophisticated businessman, was given inadequate time to read and consider the S-L defendants' "take-it-or-leave-it" contract.  Snacks R Plenty's challenge to the forum selection clause is not separate and distinct from its challenge to the Agreement itself, and the Court may not consider a claim that the entire agreement was procured by fraud.  "Fraud and overreaching must be specific to a forum selection clause in order to invalidate it."  *Haynsworth*, 121 F.3d at 963; *see also MacPhail v. Oceaneering Int'l, Inc.*, 170 F. Supp. 2d 718, 724 (S.D. Tex. 2001).

Furthermore, it is a fundamental principle of law that a signatory to a contract is presumed to have read the contract and known what it said. *Haynsworth*, 121 F.3d at 965 (citing *In re Cajun Elec. Power Coop.*, 791 F.2d 353,

359 (5th Cir. 1986) ("A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it."); *see also Warrington v. Dawson*, 798 F.2d 1533, 1544 (5th Cir. 1986)).  "This is true whether or not one of the parties to a contract is in fact unaware of one or more of the terms contained in it." *Cajun Elec.*, 791 F.2d at 359.  Simply asserting that the forum selection clause was confusing to Lucente, or he was unaware of it, does not establish that it was included in the Agreement by fraud or overreaching.  *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (attorney did not overreach by failing to advise client to seek counsel before signing representation agreement containing forum selection clause); *SKF USA Inc. v. Okkerse*, No. 13-5111, 2014 WL 185221, *8 (E.D. Penn. Jan. 15, 2014) (defendants' failure to recognize the existence of forum selection clause or to seek legal counsel before signing agreements was not evidence of fraud or overreaching).

To the extent that Snacks R Plenty argues that the forum selection clause was the result of overreaching because it was a non-negotiated term in a preprinted form contract, the Supreme Court has rejected that argument in *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991).  It found that Carnival's choice of Florida, in its preprinted form contracts, as the sole forum to resolve disputes between itself and its customers was reasonable.  499 U.S. at 593.  The Supreme Court specified several different reasons why it may be reasonable for a company to include a non-

negotiable forum selection clause in its contract: limiting fora where it is subject to suit, promoting certainty about where suits may be brought and defended, and the existence of benefits passed on to third parties as a result of the savings generated by limiting the fora where it could be sued. *Carnival Cruise Lines,* 499 U.S. at 593–94. The Supreme Court found, therefore, that despite the lack of negotiation on the forum selection clause, Florida was a reasonable forum because it was not selected "as a means of discouraging cruise passengers from pursuing legitimate claims," because Carnival Cruise Lines' principal place of business was in Florida, and because many of its ships launched from Florida ports. *Id.* at 595.

In this case, the S-L defendants are headquartered in Pennsylvania, and have independent distributors for their products throughout the United States. They contend that all of the records and personnel necessary to defend this case are in Pennsylvania. Although the Court is aware that certain S-L personnel who were involved with Snacks R Plenty's distributorship are local, that does not make the S-L defendants' choice of Pennsylvania an unreasonable forum. *See SKF USA Inc.*, 2014 WL 185221, at *8. For these reasons, the Court finds that the forum selection clause is valid.

## 2.  Permissive or Mandatory

Snacks R Plenty next argues that the forum selection clause is permissive, not mandatory, and therefore should not be enforced. Snacks R Plenty asserts "there is no language in this provision that requires the parties to file lawsuits in Pennsylvania. There is no reference to Pennsylvania as the exclusive venue." (Pl.

Supp. Resp. 5, 6, ECF No. 52).

The clause is one of the few in the Agreement written in capital letters, and reads:

> <u>Choice of forum</u>. THE PARTIES AGREE THAT TO THE EXTENT ANY DISPUTES ARISE THAT CANNOT BE RESOLVED DIRECTLY BETWEEN THEM, **DISTRIBUTOR SHALL FILE ANY SUIT OR CAUSE OF ACTION AGAINST S-L ONLY IN THE FEDERAL OR STATE COURT HAVING JURISDICTION OVER YORK COUNTY, PENNSYLVANIA.** THE PARTIES FURTHER AGREE THAT S-L MAY FILE SUIT OR CAUSE OF ACTION IN EITHER THE FEDERAL OR STATE COURT HAVING JURISDICTION OVER WHERE S-L'S PRINCIPAL PLACE OF BUSINESS IS THEN LOCATED OR WHERE DISTRIBUTOR DOES BUSINESS OR WHERE THE CLAIM AROSE.  DISTRIBUTOR IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT AND WAIVES ANY OBJECTION IT MAY HAVE TO EITHER THE JURISDICTION OR VENUE OF ANY SUCH COURT.

(S.R. 54-55, ECF No. 3) (emphasis added).

Snacks R Plenty, as the distributor under this Agreement, was plainly limited to filing suit against S-L "only" in federal or state court in York County, Pennsylvania.  The forum selection clause was mandatory as it applied to Snacks R Plenty.

## 3. Application of the Forum Selection Clause

A valid forum selection clause "'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 134 S. Ct. at 581 (quoting *Stewart*, 487 U.S. at 31).  Courts are to give controlling weight to a valid forum selection clause "in all but the most exceptional cases." *Id.* (quoting *Stewart* at 33).  The clause represents the parties' determination of the private interest factors, leaving only the public

interest factors to be weighed by the court. *Id*. at 582.

The public interest factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004).

Snacks R Plenty does not directly discuss the public interest factors, but generally states that the S-L defendants have engaged in egregious, unconscionable and deceitful conduct in Mississippi and are escaping the serious consequences of their conduct by fleeing to a Pennsylvania federal district court. (Pl. Supp. Resp. at 7-8, ECF No. 52). As has been made clear by *Atlantic Marine*, Snacks R Plenty has the burden of showing that public-interest factors overwhelmingly disfavor a transfer. Its appeal to the interests of justice do not meet that burden. As stated by the Supreme Court, "[i]n all but the most unusual cases, [ ], 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine* at 583. There are no factors indicating that this is an unusual or exceptional case, and therefore the forum selection clause must be given controlling weight.

CONCLUSION

After review of the issues presented by the defendants' Motion for Reconsideration, the Court finds that its Memorandum Opinion and Order Regarding Motion to Dismiss or Transfer [34] should be modified to the extent that the motion to transfer to the Middle District of Pennsylvania pursuant to 28 U.S.C.

§ 1404(a) should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' Motion [36] for Reconsideration is **GRANTED**.  This case is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania.

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE